UNITED STATES, Appellee

v.

Manuel I. COLON, Specialist Four, U. S. Army, Appellant.

No. 35,438.
CM 435962.

U. S. Court of Military Appeals.

Nov. 27, 1978.

For Appellant—*Captain John M. Zoscak, Jr.* (argued); *Colonel Robert B. Clarke; Colonel Edward S. Adamkewicz, Jr.; Major Benjamin A. Sims* (on brief); *Captain Larry D. Anderson* (on brief).

For Appellee—*Captain Paul W. Jacobson* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller* (on brief); *Major David McNeill; Captain Laurence M. Huffman* (on brief).

## Opinion of the Court

### FLETCHER, Chief Judge:

At a military base in Germany the appellant, notwithstanding his pleas, was found guilty of the possession and sale of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The members of his general court-martial sentenced him to a bad-conduct discharge, confinement at hard labor for one year, forfeiture of $250 pay per month for one year and reduction to the lowest pay grade. The convening authority approved this sentence as adjudged. The United States Army Court of Military Review, in a memorandum opinion, affirmed the findings and sentence so approved.

The convening authority, Commanding General, Headquarters, 3d Armored Division, detailed ten officers to sit as members of the appellant's general court-martial. However, at trial, the following exchange took place between the trial counsel and the military judge:

MJ: Is the jury here?

TC: The last time I checked the jury was not completely here, Your Honor.

MJ: What time were they told to be here?

TC: Nine o'clock, sir.

MJ: It is after nine. Call them in. Whoever is not here will be noted as absent.

In fact, only six of the ten members detailed by the convening authority were present for the trial of the appellant. The court-martial proceeded without the four members who were noted as absent. The trial defense counsel did not object to the court-martial proceeding, nor was the convening authority notified and his approval sought to the court-martial continuing under these circumstances.

■ The issue granted for review by this Court is whether

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY PROCEEDING WITH TRIAL WITHOUT THE PRESENCE OF FORTY PERCENT OF THE DETAILED MEMBERS WHO HAD NOT BEEN PROPERLY RELIEVED.

At the outset, we do not find the asserted error in this case to be jurisdictional in nature.[1] While it is clear that a court-martial, not constituted in accordance with the Uniform Code of Military Justice, has no jurisdiction, we find no such statutory conflict in the present case. We read Articles 16, and 29(b) and (c), UCMJ, 10 U.S.C. §§ 816, 829(b), (c), respectively, to permit a court-martial to lawfully proceed where the number of members is less than that detailed by the convening authority but equal to or greater than the required quorum for that particular type of court-martial.[2]

■ However, we do believe the conduct of the military judge amounted to error affecting a substantial right guaranteed to the appellant as a matter of military due process.[3] Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2), states:

When convening a court-martial, the convening authority shall detail as members thereof such members of the armed forces as, in his opinion, are best qualified

---

1. *See McClaughry v. Deming*, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902); *Runkle v. United States*, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887); *United States v. Johnson*, 23 U.S.C.M.A. 104, 48 C.M.R. 665 (1974). *See also McDaniel v. Hiatt*, 78 F.Supp. 573 (D.C.Pa. 1948).

2. *See* Paragraphs 37 and 41*d* (3), Manual for Courts-Martial, United States, 1969 (Revised edition).

3. *United States v. Clay*, 1 U.S.C.M.A. 74, 1 C.M.R. 74 (1951).

for the duty by reason of age, education, training, experience, length of service, and judicial temperament.

This codal provision has been interpreted by this Court as creating a substantial right in the military accused to have the *convening authority* choose within his discretion the basic composition of the court-martial assembled for the trial. *See United States v. Allen,* 5 U.S.C.M.A. 626, 18 C.M.R. 250 (1955). We believe implicit in this right of a military accused is the requirement that a convening authority be notified, prior to assembly, of absent members he detailed to sit on a court. *See United States v. Cross,* 50 C.M.R. 501, 503 (A.C.M.R.1975). The conduct of the military judge in the present case, whether based on individual pique or trial expediency, interfered with the statutory responsibility of the convening authority[4] and the concomitant right of the military accused to its discretionary fulfillment[5] by the proper authority.

Finding error, it must next be determined whether prejudice inured to this particular appellant sufficient to warrant reversal of his conviction. Article 59(a), UCMJ, 10 U.S.C. § 859(a). In *United States v. Allen, supra* at 638, 18 C.M.R. at 262, the lead opinion defined the necessary prejudice in terms of a substantial reduction in the membership of the Court so as not to represent the kind of court contemplated by the convening authority in his original detail. *See also* Article 52, UCMJ, 10 U.S.C. § 852. As Judge Brosman said, "The reduction by one-half in the number of persons legally charged with the duty of passing on the accused's guilt or innocence simply constitutes a change too fundamental to be overlooked—that is, to be shrugged off here as harmless error." *United States v. Allen, supra* at 638, 18 C.M.R. at 262. We find the forty-percent

reduction by the military judge in the present case to likewise be substantially prejudicial within the meaning of Article 59(a), UCMJ.

The final issue in this case is whether the failure to object to continuation of the proceedings without notification to the convening authority and the ascertainment of his wishes waives the error in the appellant's case. *See United States v. Allen, supra* at 639, 18 C.M.R. at 263. The concept of waiver has not been embraced with much affection by this Court where evidence of record clearly demonstrates that a military judge denied military due process to an accused at his court-martial. *See United States v. Graves,* 1 M.J. 50 (C.M.A.1975). Moreover, in order for the waiver to be intelligently as well as voluntarily made, the military judge should delineate to the military accused his derivative rights under Article 29(a), UCMJ, 10 U.S.C. § 829(a). In the situation of the appellant's court-martial, the doctrine of waiver cannot be fairly applied.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge PERRY concurs.

COOK, Judge (dissenting):

As I read *United States v. Allen,* 5 U.S.C.M.A. 626, 18 C.M.R. 250 (1955), it supports a result opposite to that reached by the majority. In *Allen,* the accused objected to the absence of the court members; in their separate opinions, the two judges comprising the majority emphasized that circumstance as central to their consideration of the issue raised by the accused. *Id.* at 639

4. *See Hiatt v. Brown,* 339 U.S. 103, 108–09, 70 S.Ct. 495, 94 L.Ed. 691 (1950); *Mullan v. United States,* 140 U.S. 240, 245, 11 S.Ct. 788, 35 L.Ed. 489 (1891); *Martin v. Mott,* 12 Wheat (25 U.S.) 19, 31, 35, 6 L.Ed. 537 (1827).

5. Contrary to assertions in the government brief, we do not read paragraph 41*d*(3), Manual, *supra,* to obviate the responsibility of the military judge to advise the accused that the

convening authority's decision as to the membership of his court-martial has been substantially reduced without his approval or knowledge. The provision in our mind is concerned with jurisdiction only and has no effect as to the statutory pronouncement of Congress in Article 25(d)(2), Uniform Code of Military Justice, 10 U.S.C. § 825(d)(2).

and 641, 18 C.M.R. at 263 and 265. As Chief Judge Quinn observed in his opinion, the objection "preserved . . . [the] right to be tried by a court composed of members appointed by the convening authority not lawfully absent or excused." *Id.* at 641, 18 C.M.R. at 265. No objection to the absence of the members was made by the accused in this case. I would not, therefore, seize upon the absence of the members as justification for reversal of an otherwise unimpeachable conviction. I would affirm the decision of the Court of Military Review.