UNITED STATES, Appellee,

v.

Sergeant Ronald L. ALEXANDER, 405–86–1663, United States Army, Appellant.

ACMR 8702190.

U.S. Army Court of Military Review.

11 Jan. 1989.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before DeFORD, KENNETT, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

The appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, the appellant was convicted of two specifications of indecent acts with a child under the age of sixteen years and one specification of indecent liberties with a child under the age of sixteen years in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. The convening authority approved the sentence to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to Private E1.

I

The appellant contends that his court-martial lacked jurisdiction because three of the enlisted members detailed to the court were assigned members of the company to which he was assigned. *See* Article 25(c), UCMJ, 10 U.S.C. § 825(c).[1] The original orders used to convene the court martial contained two sections, one detailing officer members and another detailing both officer and enlisted members. The latter section would be effective only in the event an accused requested a court composed of enlisted members. The original orders were twice amended in an unsuccessful attempt to eliminate enlisted members of appellant's company. By oversight, three of the enlisted members detailed to the court were assigned to appellant's company. Of these, one member was peremptorily challenged, another remained on the court without objection or challenge by the defense, while the third was simply absent without explanation. Apparently, the latter individual's name was inadvertently omitted from an amending convening order which misled both counsel and the judge into believing he had been excused when in fact he had not.

■ We perceive no prejudicial error from the aforementioned confusion surrounding the detailing and attendance of

1. Article 25 of the Code provides in pertinent part:

(1) *Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member* of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, before the conclusion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, the accused personally has requested orally on the record or in writing that enlisted members serve on it. After such a request, the accused may not be tried by a general or special court-martial the membership of which does not include enlisted members in a number comprising at least one-third of the total membership of the court, unless eligible enlisted members cannot be obtained on account of physical conditions or military exigencies. If such members cannot be obtained, the court may be assembled and the trial held without them, but the convening authority shall make a detailed written statement, to be appended to the record, stating why they could not be obtained.

(2) *In this article, "unit" means any regularly organized body as defined by the Secretary concerned, but in no case may it be a body larger than a company,* squadron, ship's crew, or body corresponding to one of them.

Article 25(c), UCMJ [emphasis added].

enlisted members in this case. As to the ineligible enlisted member who did participate in appellant's court-martial, we find error in his participation but that the error was waived. "Service on a court-martial by an enlisted member who is part of the same unit to which the accused is assigned creates a disquieting appearance." *United States v. Wilson,* 21 M.J. 193, 196 (C.M.A. 1986). Ineligibility is not, however, a jurisdictional error warranting reversal in the absence of specific prejudice or a miscarriage of justice. *Id.* at 197. As neither of these grounds have been asserted and we have found neither, no relief is necessary or warranted.

 Similarly, the absence of a duly appointed court member is not a jurisdictional impediment to trial. *United States v. Colon,* 6 M.J. 73 (C.M.A.1978). Article 16 and Article 29(b) and (c) of the Code, 10 U.S.C. §§ 816, 829(b, c), "permit a court-martial to lawfully proceed where the number of members is less than that detailed by the convening authority but equal to or greater than the required quorum for that particular type of court-martial." *United States v. Colon,* 6 M.J. at 74. However, it may be error to conduct a court-martial without the attendance of all the appointed members or the proper excusal of the absent members.

> This codal provision has been interpreted by [The Court of Military Appeals] as creating a substantial right in the military accused to have the *convening authority* choose within his discretion the basic composition of the court-martial assembled for the trial. We believe implicit in this right of a military accused is the requirement that a convening authority be notified, prior to assembly, of absent members he detailed to sit on a court.

*United States v. Colon,* 6 M.J. at 75 (citations omitted). Whether a violation of this right can be considered as harmless error depends on whether the change in court membership is so substantial that it does not represent the court contemplated by the convening authority. *Id.* A reduction in membership of forty or fifty per cent has been held to be too fundamental to be "shrugged off" as harmless error. *United States v. Allen,* 18 C.M.R. 250, 262 (C.M.A. 1955). But where, as here, the reduction in membership of the court involves only one member who was otherwise ineligible to serve in any event and was caused by an administrative error, we have no hesitation in holding the error harmless.[2] Accordingly, we find no prejudicial error was committed here.

## II

Appellant also asserts that the military judge erred by preventing his individually-requested civilian defense counsel from cross-examining the victim as to the victim's motive to fabricate the charges against the appellant. The defense counsel attempted to question the victim about her recent history of juvenile delinquency, her frequent absences from school, and her sexual relationship with her boyfriend. After the trial counsel objected to the questions, the military judge asked the defense counsel about their relevance. The defense counsel stated he was basing his questions upon Military Rule of Evidence 404(b), presumably to show that the victim had an untruthful character. However, the military judge believed that what he really was trying to do was demonstrate that the victim was simply a "bad kid". He explained to the defense counsel that,

> 404(b) has nothing to do with what's before the court. We're talking 608, in the six hundred series. You're talking trying to impeach the credibility. Bias is always allowed to be shown. Motive to lie is always allowed to be shown. I have no problem with that. But each individual action of misconduct is doing nothing more than attempting to impeach and improperly.
>
> . . . .
>
> You can go and ask her, "Have you been having problems with your parents?" "Have in fact you had problems at

---

**2.** We note that this would be an appropriate case for application of the waiver doctrine although we are hesitant to apply it in the face of existing precedent. *Cf. United States v. Benoit,* 21 M.J. 579 (A.C.M.R.1985).

school, and your parents have been trying to correct you?" Things of this is nature. What I'm saying is, you can't say, "Isn't it true that you missed school thirty-two times last month? You cut thirty-two classes?" You know, things of that nature.

The defense counsel acknowledged that he understood the military judge's explanation and continued his cross-examination of the victim. Subsequently, he attempted to explore the nature of her presumed sexual relationship with her boyfriend but was stopped from such examination by the trial judge after the trial counsel objected on the grounds that it was not relevant. We hold that the judge was correct in his rulings.

Clearly, what appellant's counsel was attempting to do by his cross-examination was to elicit extrinsic evidence of the victim's misconduct to establish that her testimony was not truthful.

Although extrinsic evidence of misconduct is not admissible to show a witness' general character for truthfulness, it is admissible to impeach a witness by showing "[b]ias, prejudice, or any [other] motive" of the witness "to misrepresent." Mil.R.Evid. 608(c); *United States v. Banker*, 15 M.J. 207 (C.M.A.1983). *See* 3A Wigmore, *Evidence* § 943 (Chadbourn rev. 1970). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 469, 83 L.Ed.2d 450 (1984). *United States v. Hunter*, 21 M.J. 240, 242 (C.M.A.1986).

We perceive no support for the defense's assertion that appellant's counsel was prevented from establishing a link between the victim's alleged misconduct and any bias or motive to lie she might have had. The record establishes that appellant's counsel, with the judge's blessing and guidance, knew what he had to do to make the connection. Under the facts of this case, however, he was unable to do so. Accord-

ingly, this assignment of error is without merit.

### III

Appellant further complains that the military judge erred in admitting evidence of uncharged misconduct and allowing the trial counsel to argue such before findings and sentence. Specifically, he refers to the victim's statement during direct testimony that not only had the appellant indecently touched her, but also had sexual intercourse with her. A well-recognized exception to the rule prohibiting the introduction of uncharged misconduct applies when that conduct is part of the *res gestae*. That is, when the uncharged misconduct is inextricably related in time and place to the charged offenses, it is generally admissible without the necessity for an appropriate limiting instruction. *United States v. Thomas*, 11 M.J. 388 (C.M.A.1981). We find that appellant's uncharged misconduct in this case was inextricably bound up with the charged offenses. The charges against the appellant reflect a pattern of sexual misconduct against his daughter over a lengthy period of time. Accordingly, it was not error to admit either the victim's testimony or the trial counsel's arguments upon such conduct.

### IV

Finally, appellant contends that he was prejudiced when the staff judge advocate failed to respond to his post-trial submission of legal error to the convening authority or to advise the convening authority on the necessity to take corrective actions on findings and sentence. He asserts that the staff judge advocate should have explained his evidentiary argument in detail to the convening authority, rendered an opinion and recommendation and given appellant the opportunity to respond before the convening authority took action. In response, the government concedes that the staff judge advocate erred by failing to respond to the defense submissions but that appellant suffered no prejudice from the omission. For the reasons set forth below, the government's concession is cor-

rect. Although error was committed, we find that it was not prejudicial.

Where an accused asserts legal error in a post-trial submission to the convening authority, R.C.M. 1106(d)(4) requires:

> The staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when otherwise deemed appropriate by the staff judge advocate. The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal errors is not required.

The United States Court of Military Appeals has recently ruled that:

> [I]n most instances, failure of the staff judge advocate or legal officer to prepare a recommendation with the contents required by R.C.M. 1106(d) will be prejudicial and will require remand of the record to the convening authority for preparation of a suitable recommendation.

*United States v. Hill,* 27 M.J. 293, 296 (C.M.A.1988).

However, remand is not always required. As that court noted in *United States v. Hill, supra:*

> If the Court of Military Review is convinced that, under the particular circumstances, a properly prepared recommendation would have no effect on the convening authority's exercise of his discretion—the burden in this regard being on the Government—remand to the convening authority is unnecessary. Accordingly, if a defense allegation of legal error is presented after trial but clearly has no merit, the accused is not entitled to relief merely because of failure by the staff judge advocate to state specifically in his recommendation that the assigned error lacked merit or to submit an "addendum" addressing the error. We are not required to give an accused the benefit of any possibility that the staff judge advo-

cate might mistakenly have attributed merit to an allegation of legal error that had no merit and that, in turn, the convening authority might have taken action favorable to the accused.

> Thus, a Court of Military Review is free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the staff judge advocate or to corrective action by the convening authority.

*United States v. Hill,* 27 M.J. at 296–97.

In the instant case, the trial defense counsel's submission to the convening authority pursuant to RCM 1105 did allege one legal error, to wit: that the trial counsel improperly argued appellant's uncharged sexual misconduct during findings and sentence. The failure of the staff judge advocate to respond to this allegation was error. However, as the error would not have resulted in a favorable recommendation by the staff judge advocate, nor would it have resulted in favorable corrective action by the convening authority, the error was harmless. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Hill, supra.*

We have considered the other allegations of error including those personally asserted by the appellant and find them to be without merit.

The findings and sentence are affirmed.

Senior Judge DeFORD concurs.

KENNETT Judge, concurring:

With respect to footnote 2 of Judge Werner's opinion, I believe appellant's failure to object to the member's absence waived further review of the issue. *United States v. Malczewskyj,* 26 M.J. 995, 998–99 (A.F.C. M.R.1988) (en banc); *United States v. Campbell,* 26 M.J. 970, 971 n. 2 (A.C.M.R. 1988).