**UNITED STATES, Appellee**

v.

**Private E1 Adrian D. BOUKNIGHT, 248–53–2206, United States Army, Appellant.**

**ACMR 9101571.**

U.S. Army Court of Military Review.

21 Aug. 1992.

---

For Appellant: Captain Alan M. Boyd, JAGC, Captain Mark L. Toole, JAGC, Captain Lawrence W. Andrea, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC, Major Timothy W. Lucas, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of conspiracy to commit indecent assault (two specifications), assault and battery, and indecent assault, in violation of Articles 81, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 928, and 934 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for one year.

After this case was submitted to this court on its merits, we specified the following issue:

WHETHER THE COURT–MARTIAL IN THE INSTANT CASE LACKED JURISDICTION TO TRY APPELLANT IN VIEW OF THE APPARENT UNEXPLAINED ABSENCE OF THREE PANEL MEMBERS (*i.e.*, MAJ BREHM, CPT BORHAUER, CW4 HEUR).

At trial, the trial counsel accounted for the eight members who were present, but failed to account for three missing members. The military judge did not inquire as to their whereabouts and assembled the court without these three members. There was no objection made by the defense counsel to the composition of the court.

With some reluctance, this court accepted as a government appellate exhibit an affidavit from the Chief of Military Justice in the staff judge advocate's office at Fort Sill, explaining the absence of the three members. Chief Warrant Officer Heur apparently retired from military service over four months prior to trial; CPT Borhauer's chain of command had requested her excusal because she was on leave (but the affidavit does not say she was actually excused); and, MAJ Brehm may or may not have been excused (no one could definitely recall).[1]

 Having examined the whole record, we are satisfied that the court-martial had jurisdiction and that the absence of three members out of eleven was not plain error. *United States v. Colon*, 6 M.J. 73 (C.M.A.1978); *United States v. Barrios*, 31 M.J. 750 (A.C.M.R.1990); *United States v. Alexander*, 27 M.J. 834 (A.C.M.R.), *pet. denied*, 28 M.J. 354 (C.M.A.1989). Moreover, the failure to object at trial waives the issue. *United States v. Campbell*, 26 M.J. 970, 971 n. 2 (A.C.M.R.1988); *Malczewskyj*, 26 M.J. 995 (A.F.C.M.R.1988).

The appellant has raised a number of errors pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). We have reviewed his fourteen-page letter in which he asserts that the evidence is legally insufficient to support findings of guilty as to all charges and specifications, and his additional assertion that he should not have been found guilty of conspiracy since his alleged co-conspirator was acquitted of that

---

1. This is the type of sloppy pretrial administration and in-court practice that raises unnecessary questions and causes needless delay in the appellate processing of a case. The trial counsel is responsible for accounting for all members and for insuring that absent members have been properly excused. Attention to detail before and during trial would avoid the practice of filing questionable eleventh-hour affidavits based on affiants' faulty or dimmed memories. We agree with the sentiments expressed by our brothers of the Air Force Court of Military Review in *United States v. Malczewskyj*, 26 M.J. 995, 997 n. 4 (A.F.C.M.R.1988).

offense. We find no merit in these assertions.

■ There is one error, however, that requires corrective action. On 23 September 1991, two months after the trial, the defense counsel, who had apparently relocated following trial to Kwajalein Atoll in the Pacific, submitted a four-page clemency petition. In addition to requesting clemency, the defense counsel also questioned the sufficiency of the evidence supporting the appellant's conviction.

In his post-trial recommendation dated 6 November, the staff judge advocate indicated that the defense counsel had requested disapproval of the findings of guilty or disapproval of the sentence, but never specifically commented on the defense counsel's assertion of insufficiency of the evidence.[2] The staff judge advocate recommended against clemency, and in support of the recommendation, described two instances occurring in September and October, in which the appellant had been disciplined for infractions at the confinement facility. He also reported that yet another disciplinary hearing "for staff harassment, breach of peace and provoking words and gestures" was pending at the confinement facility.

Pursuant to R.C.M. 1106(f)(1), the staff judge advocate properly mailed the recommendation to the defense counsel for comment. By telephone, the defense counsel indicated he had no comments to submit and that neither did the appellant. Yet, on 2 December, the appellant submitted two letters in which he pleaded for clemency based on the serious illness of his son and on family hardship, and included a written plea from his wife, along with medical statements attesting to his son's poor medical condition. In one of his handwritten letters for clemency, the appellant stated, "Sir, since I've been in confinement, I've had an extremely hard time adjusting. What makes my adjustment so complicated is my family problems."

In his supplemental post-trial recommendation dated 5 December, the staff judge advocate recommended against clemency and supported the recommendation with the following new information:

In response to the accused's submission of matters pursuant to R.C.M. 1105(b), and his defense counsel's 4-page memorandum titled "Post-Trial R.C.M. 1105 Submissions for PV1 Adrian D. Bouknight" dated 23 September 1991 (Tab C), this office made phone contact with the Regional Confinement Facility at Fort Carson, Colorado, on 3 December 1991. During the phone conversation with SGM Bradfield it was revealed that PV1 Bouknight had a Disciplinary and Adjustment Board hearing on 13 Nov 91, he was found guilty of disrespect and staff harassment. He received another Disciplinary and Adjustment Board hearing on 18 Nov 91, he was found guilty of disobeying an order, false statement, and two rule violations (out of place and sleeping during duty hours). PV1 Bouknight is currently in a disciplinary segregation program and is "progressing." SGM Bradfield stated that the facility counselors were aware of PV1 Bouknight's family problems and that his family problems are probably contributing to his lack of ability to adjust. PV1 Bouknight has been seen by psychological medical personnel since being confined at Fort Carson, Colorado.

This addendum was not served on the defense counsel, and the convening authority took action on the case that same day.

It is clear that the staff judge advocate may supplement his post-trial recommendation after counsel for the accused has been served with the recommendation and given an opportunity to comment. However, when new matter is introduced after counsel has examined the recommendation, the counsel must be served with the new matter and given further opportunity to comment. R.C.M. 1106(f)(7); *United States v. Norment*, 34 M.J. 224 (C.M.A.1992); *United States v. Narine*, 14 M.J. 55 (C.M.A. 1982).

---

**2.** Because of our holding in this case, we need not address the adequacy of the staff judge advocate's response to this assertion of legal error. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(d)(4) [hereinafter R.C.M.]

 It is also clear that the information contained in the staff judge advocate's supplement to his recommendation went beyond commenting on the matters submitted by the appellant and by the defense counsel. We find that the information is "new matter" and that the information was based on the staff judge advocate's extra-record inquiry. Under the circumstances, we hold that it was clearly error not to have served the defense counsel with the supplemental recommendation. *Norment,* 34 M.J. 224. Even though the defense counsel had been reassigned to a distant location, the requirements of R.C.M. 1106 remain in effect. *See, e.g., United States v. Hawkins,* 34 M.J. 991, 994 (A.C.M.R. 1992). Having found error, we do not test for prejudice, as prejudice is presumed.[3] *Norment,* 34 M.J. at 227.

The action of the convening authority dated 5 December 1991, is set aside. The record of trial will be returned to The Judge Advocate General for a new recommendation and action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.

Senior Judge JOHNSON and Judge WERNER concur.

---

**3.** Even if a test for prejudice were possible, the result would be the same. The material presented by the staff judge advocate, while proper if an opportunity for rebuttal had been afforded, is very damaging to the appellant and certainly had a significant effect on the convening authority's clemency decision.