UNITED STATES, Appellee,

v.

Jeffrey D. SARGENT, Staff Sergeant,
U.S. Air Force, Appellant.

No. 96–1362.
Crim.App. No. 31600.

U.S. Court of Appeals for
the Armed Forces.

Submitted March 26, 1997.

Decided Nov. 13, 1997.

For Appellant: *Lieutenant Colonel Kim L. Sheffield, Major Robin S. Wink* and *Major Ormond R. Fodrea* (on brief); *Colonel David W. Madsen.*

For Appellee: *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Major LeEllen Coacher* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

At March Air Force Base, California, appellant was brought to trial on 5 specifications of larceny of money, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He pleaded guilty to lesser-included offenses of wrongful appropriation, but the prosecution chose to pursue the charged offenses of larceny. He was ultimately found guilty of 1 specification of larceny and 4 specifications of wrongful appropriation. On October 20, 1994, a general court-martial composed of officer members sentenced him to a bad-conduct discharge, confinement for 1 year, forfeiture of $100.00 pay per month for 1 year, and reduction to the lowest enlisted grade. On April 21, 1995, the convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion on July 22, 1996.

On February 7, 1997, we granted appellant's petition for review to consider the following issues:

## I

WHETHER THE UNEXPLAINED ABSENCE OF A DETAILED COURT MEMBER CONSTITUTED DEFECTIVE JURISDICTION IN LIGHT OF THE RCM 805(b) MANDATE THAT "NO COURT–MARTIAL PROCEEDING MAY TAKE PLACE IN THE ABSENCE OF ANY DETAILED MEMBER. . . ."

## II

WHETHER THE UNEXPLAINED ABSENCE OF A DETAILED MEMBER CONSTITUTED PREJUDICE TO APPELLANT.

Finding no error prejudicial to appellant's substantial rights, we affirm the decision of the Court of Criminal Appeals. *See generally United States v. Gebhart*, 34 MJ 189 (CMA 1992); *cf. United States v. Colon*, 6 MJ 73 (CMA 1978).

There were two court-martial convening orders in this case. The original order detailing eleven members to appellant's court-martial included a First Lieutenant (1LT) Kayser. The second relieved five of those members, but not 1LT Kayser, and detailed five other members as replacements. One detailed member, Captain Craig, was excused by the convening authority prior to trial.

When the court-martial convened, 1LT Kayser was not present. There was no explanation on the record for his absence. However, defense counsel did not object to proceeding without him. Moreover, defense counsel did not bring this matter to the attention of the convening authority in his post-trial submission. Before the Court of Criminal Appeals, appellant first asserted that 1LT Kayser's absence deprived his court-martial of jurisdiction. In the alternative, he contended that the member's absence amounted to error prejudicial to his substantial rights.

--- --- ---

RCM 805(b), Manual for Courts–Martial, United States, 1984 (1994 ed.), states:

(b) *Members. Unless trial is by military judge alone pursuant to a request by the accused, no court-martial proceeding may take place in the absence of any detailed member except:* Article 39(a) sessions under RCM 803; examination of members under RCM 912(d); *when the member has been excused under RCM 505 or 912(f);* or as otherwise provided in RCM 1102. No general court-martial proceeding requiring the presence of members may be conducted unless at least 5 members are present and, except as provided in RCM 912(h), no special court-martial proceeding requiring the presence of members may be conducted unless at least 3 members are present. Except as provided in RCM 503(b), when an enlisted accused has requested enlisted members, no proceeding requiring the presence of members may be conducted unless at least one-third of the members actually sitting on the court-martial are enlisted persons.

(Emphasis added.)

In *United States v. Colon, supra*, we held that the absence of four members detailed to a ten-member general court-martial did not constitute jurisdictional error. We did not view paragraphs 37 and 41, Manual for Courts–Martial, United States, 1969 (Revised edition), which were the predecessors of RCM 805, as having jurisdictional significance. As we observed there, "Articles 16, and 29(b) and (c), UCMJ, 10 USC §§ 816, 829(b), (c), respectively, . . . permit a court-martial to lawfully proceed where the number of members is less than that detailed by the convening authority but equal to or greater than the required quorum for that particular type of court-martial." 6 MJ at 74.

■ RCM 805 was drafted in light of the decision of this Court in *Colon. See* Drafters' Analysis of RCM 805, Manual, *supra* (1994 ed.) at A21–44. Neither its wording nor its regulatory history impart to it jurisdictional significance. Here, the statutory quorum for this general court-martial was five members. Art. 16(1)(A), UCMJ, 10 USC § 816(1)(A). When the court-martial opened, nine detailed members were in attendance; therefore, this court-martial was fully empowered to consider this case. *See generally*

*United States v. Gebhart, supra* (missing-member circumstance noted but no jurisdictional error found).

 Turning to appellant's second argument, we also must reject it. Although RCM 805 is not jurisdictional, its prejudicial violation may authorize reversal in a particular case. *See United States v. Colon, supra.* In *Colon,* a contested case, the accused was deprived of 40% of the detailed members without an excuse. Here, one member or 10% of the original detailed members was absent without excuse or relief. We see no substantial frustration of the convening authority's court-composition power or material denial of a servicemember's right to military due process in this context.

In addition, we need not decide this case simply on the basis of the low percentage of absent but unexcused members. This was not strictly a guilty-plea case, and the reduced members' voting favored appellant on findings as to 4 of the 5 specifications. *Cf. United States v. Colon, supra.* Moreover, the absence of a detailed member actually reduced the number of votes (from 7 to 6) needed to award the most favorable sentence to appellant under the least-severe-punishment rule of RCM 1006(d)(3)(A). *See United States v. Thomas,* 46 MJ 311, 313 (1997). In these circumstances, appellant has not demonstrated substantial prejudice. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.