UNITED STATES, Appellee,

v.

Christopher I. REYNOLDS, Private First Class, U.S. Army, Appellant.

No. 97–0817.
Crim.App. No. 9500984.

U.S. Court of Appeals for the Armed Forces.

Argued May 14, 1998.

Decided Sept. 29, 1998.

For Appellant: *Captain Paul J. Perrone, Jr.* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters,* and *Major Leslie A. Nepper* (on brief).

For Appellee: *Captain Kelly R. Bailey* (argued); *Colonel Joseph E. Ross, Lieutenant Colonel Frederic L. Borch III,* and *Captain Elizabeth N. Porras* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

During May and June of 1995, appellant was tried by a general court-martial composed of officer members at Fort Jackson, South Carolina. Contrary to his pleas, he was found guilty of attempted larceny and housebreaking, in violation of Articles 80 and 130, Uniform Code of Military Justice, 10 USC §§ 880 and 930, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, forfeiture of $500.00 per month for 6 months, and reduction to E–1. On August 28, 1995, the convening authority approved the adjudged sentence. The Court of Criminal Appeals affirmed on August 29, 1996. 44 MJ 726.

On September 24, 1997, this Court granted review of the following issue:

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED WHEN RULING THAT ALTHOUGH THE MILITARY JUDGE ERRED WHEN CONDUCTING THE INITIAL SESSION OF THE COURT–MARTIAL VIA SPEAKER TELEPHONE, THE APPELLANT SUFFERED NO PREJUDICE. *SEE* ART. 39 [sic], UNIFORM CODE OF MILITARY JUSTICE.

This Court also specified the following issue for review:

WHETHER THE MILITARY JUDGE ERRED IN CONDUCTING THE INITIAL ARTICLE 39(a) SESSION OF THE COURT–MARTIAL VIA A SPEAKER TELEPHONE.

We hold that the military judge erred by conducting a telephonic session under Article 39(a), UCMJ, 10 USC § 839(a), in this case, but we conclude this irregular trial session did not materially prejudice appellant's substantial rights. *See* Art. 59(a), UCMJ, 10 USC § 859(a).

The issues presented on this appeal arise as a result of the military judge's holding the initial court-martial session in this case via "a speaker telephone." At the time of this Article 39(a) session, the military judge was located at Fort Stewart, Georgia, while appellant and counsel were in a courtroom at Fort Jackson, South Carolina. Each courtroom contained a speaker telephone so that all participants could hear the matters being discussed at either location.

The military judge at Fort Stewart advised appellant that he had an "absolute right" to have the military judge physically present in the courtroom at Fort Jackson. He also informed appellant that he would "not be penalized" if he insisted that the military judge appear at the session in person. In explaining his failure to hold the session in the physical presence of the accused and counsel, the military judge stated, "My not being present only saves the court some time and the United States some TDY and travel money."

The following exchange then occurred:

MJ: ... Knowing what I have said, do you consent to this session occurring over the speaker telephone instead of having me physically present in the courtroom with you?

ACC: Yes, sir.

MJ: Has anyone forced you to give this consent?

ACC: No, sir.

MJ: Do counsel for both sides also consent to this telephonic proceeding?

TC: The government consents, sir.

DC: Defense consents, Your Honor.

During the telephonic session, the military judge advised appellant of his rights to counsel and his choices regarding the type of court-martial which might try him, but allowed him "to defer selection of forum." He also inquired as to appellant's waiver of the pretrial investigation under Article 32, UCMJ, 10 USC § 832. Next, appellant was arraigned, but he deferred entering any pleas at that time. Finally, the military judge advised appellant of the legal significance of the arraignment process, and he adjourned the session. This proceeding lasted 12 minutes.

— — —

■ Appellant contends that it was error for the military judge to conduct the initial Article 39(a) session via a speaker telephone. He asserts that this procedure denied him

the physical presence of the judge in the courtroom and that "[t]he actual physical presence of a military judge is an 'indispensable prerequisite' to a general court-martial." Final Brief at 4–5; *see generally Capital Traction Co. v. Hof,* 174 U.S. 1, 13–14, 19 S.Ct. 580, 43 L.Ed. 873 (1899). Accordingly, he characterizes the military judge's decision to hold this irregular proceeding as "structural" or "jurisdictional" error. Final Brief at 4. Additionally, he specifically avers that he suffered "material" prejudice as a result of this judge's error. 174 U.S. at 16, 19 S.Ct. 580.

Initially, we note that the Government agrees with appellant's assertion that the military "judge erred by conducting" the initial Article 39(a) session via speaker telephone. Answer to Final Brief at 6. It concedes that the military judge's physical "presence was required by Articles 26 and 39, UCMJ," 10 USC §§ 826 and 839, "and Rules for Courts–Martial ... 803, 804, and 805." Answer at 6–7 (footnotes omitted). Furthermore, the Court of Criminal Appeals held "that it was error" to telephonically "conduct all preliminary procedures up to and including arraignment" in this case based on the military judge's inordinate concern for government expense. We adopt its rationale as our own in concluding that error occurred when the military judge conducted the initial Article 39(a) session via speaker telephone. *See* 44 MJ at 727–29.

■ We must now consider appellant's argument that reversal of his conviction is required to remedy the military judge's error. As noted above, he contends that this telephonic procedure caused the military judge's physical absence from the Article 39(a) session which "was a structural failure to constitute the court-martial strictly in accordance with statute." Final Brief at 4. Also, appellant avers that the absence of the judge caused by this irregular procedure rendered "that session" of his court-martial legally void. *Id.* at 4, 8. Reversal without prejudice, he implies, is our only course of action.

Turning first to appellant's allegation of "structural" error, we recognize that in some cases the precise legal characterization of an error may be important. In this regard, we note that the Supreme Court has observed that some errors are "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards." *See Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). Thus, if the telephonic trial session and the resulting physical absence of the military judge constituted a defect in the trial structure, this Court would be precluded from performing a harmless-error analysis. *See id.* We disagree, however, with appellant's characterization of the military judge's error in this case. *Cf. Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ("total deprivation of the right to counsel at trial"); *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (lack of impartial judge); *Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) ("unlawful exclusion of members of the defendant's race from a grand jury"); *McKaskle v. Wiggins,* 465 U.S. 168, 177–78 n. 8, 104 S.Ct. 944, 950–51 n. 8, 79 L.Ed.2d 122 (1984) ("right to self-representation at trial"); *Waller v. Georgia,* 467 U.S. 39, 49 n. 9, 104 S.Ct. 2210, 2217 n. 9, 81 L.Ed.2d 31 (1984) ("right to public trial"). *See* 499 U.S. at 309–10, 111 S.Ct. 1246.

The rationale underlying the Supreme Court's refusal to employ a harmless-error analysis in cases categorized as structurally defective is as follows:

> Without [certain] basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.

*Fulminante,* 499 U.S. at 310, 111 S.Ct. at 1265 (quoting *Rose v. Clark,* 478 U.S. 570, 577–78, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986)). This rationale is inapplicable in the present case, where the military judge was not completely absent from the proceedings. Here, he had sufficient audio presence at the proceedings to maintain judicial control and supervision. Moreover, his physical absence was relatively brief (12 minutes in no more than a 7–hour court-martial), and at all other times during appellant's case, the military judge was physically present. Finally, appellant has not specifically explained how his

right to a "reliable" and "fundamentally fair" determination of his guilt or innocence was impeded by this single, irregular pretrial session. *Heflin v. United States,* 125 F.2d 700 (5th Cir.1942) (harmless error when judge left courtroom during defense argument for 2 or 3 minutes without suspending trial); *cf. People v. Blackman,* 127 Cal. 248, 59 P. 573 (Cal.1899) (reversal of conviction where trial judge left courtroom for 10 minutes during closing argument in jury trial); *Ellerbe v. State,* 75 Miss. 522, 22 So. 950 (Miss.1898) (reversible error where trial judge left courtroom for 18 minutes during defense final argument and "heated altercation" between counsel occurred); *Thompson v. People,* 144 Ill. 378, 32 N.E. 968 (Ill.1893) (reversible error for judge to leave courtroom during state's entire closing argument to jury and several objections went undecided). Accordingly, we are not persuaded that the military judge's telephonic aberration constituted error of a "structural" dimension. *See Fulminante, supra* at 309–10, 111 S.Ct. at 1265.

▇ Next, we consider appellant's argument that the telephonic session and resulting physical absence of the military judge from his arraignment rendered his court-martial legally void. This argument invites this Court to attach jurisdictional significance to the military judge's absence. We decline to do so. *See generally United States v. Sargent,* 47 MJ 367 (1997).

Articles 26 and 39 of the Code contemplate a court-martial session presided over by a military judge. RCM 805, Manual for Courts–Martial, United States (1995 ed.), further states in pertinent part:

(a) *Military judge.* No court-martial proceeding, except the deliberations of the members, may take place in the absence of the military judge, if detailed.

(b) *Members.* Unless trial is by military judge alone pursuant to a request by the accused, no court-martial proceeding may take place in the absence of any detailed member [with certain exceptions].

In *Sargent, supra* at 368, this Court resolved the question "whether the unexplained absence of a detailed court member constituted defective jurisdiction in light of the RCM 805(b) mandate that 'no court-martial proceeding may take place in the absence of any detailed member[.]' " We held that neither RCM 805's "wording nor its regulatory history impart to it jurisdictional significance." 47 MJ at 368. We adhere to that view today, at least where the military judge's absence from the proceeding is not complete or extensive. *See also United States v. Mayfield,* 45 MJ 176, 178 (1996) (holding that absence from record of accused's oral or written "request for trial by a military judge alone" before the court-martial assembled was not "jurisdictional error"; instead "any error" was of a "technical nature and harmless").

▇ Finally we turn to appellant's specific claim of material prejudice. *See* Art. 59(a). He contends that the telephonic session resulted in the military judge's physical absence from the courtroom, which in turn precluded him from making competent and intelligent decisions about his trial's future proceedings. More particularly, he avers that he did not have the opportunity to gauge the demeanor of the military judge which may have had a bearing on his forum-selection decision. We reject this argument.

In our view, the record presents a far different picture from that drawn by appellant. At the initial Article 39(a) session, he was called upon to plead, and the military judge advised him of his rights regarding forum selection. However, appellant deferred entering any pleas or selecting a forum at that time. Moreover, he later made his selection of forum and entered pleas in the presence of the military judge. Finally, his defense counsel was present at all times during this irregular pretrial session. Thus, based on the record before us, we are not persuaded that the irregular court session had a substantial impact on appellant's ability to make an informed choice concerning his court-martial forum.

Furthermore, we find it noteworthy that appellant not only did not raise any objection to the irregular trial procedure, but he affirmatively consented to it. *Cf. Garland v. Washington,* 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914) (holding that technical fail-

ure to comply with arraignment require-ments does not warrant reversal of a conviction if not raised before trial). On appeal, he has not specifically pointed to any prejudice resulting from the irregular procedure other than his allegedly tainted forum selection. *Cf. United States v. Rogers,* 469 F.2d 1317 (5th Cir.1972) (observing that lack of formality in the arraignment procedure does not require that a conviction be vacated where prejudice was not alleged). Thus, as noted by the reviewing court below, "appellant would receive an undeserved windfall" if his findings of guilty and sentence were set aside in these circumstances. 44 MJ at 729. Such an obvious technical appeal cannot prevail. *See United States v. Jette,* 25 MJ 16 (CMA 1987).

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.