# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MARC A. GREENE**
**United States Army, Appellant**

ARMY 20130568

Headquarters, 25th Infantry Division
Craig S. Denney, Military Judge (arraignment)
David L. Conn, Military Judge (trial)
Colonel Mark A. Bridges, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III (on brief and on brief in response to specified issues).

For Appellee:  Colonel John P. Carrell, JA; Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief); Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief in response to specified issues).

24 June 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

PENLAND, Judge:

A panel composed of officer and enlisted members sitting as a special court-martial convicted appellant, contrary to his pleas, of three specifications of failure to repair, one specification of willful dereliction of duty, and one specification of negligent dereliction of duty in violation of Articles 86 and 92, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 892 (2012).[*]  The panel sentenced appellant to a bad-conduct discharge, confinement for sixty days, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

---

[*] After the panel announced its findings, the military judge merged the two specifications of dereliction of duty.

We review this case under Article 66, UCMJ. We have considered appellant's assignments of error and matters personally raised under *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982); they merit neither discussion nor relief.

We earlier specified two issues regarding discrepancies—unresolved on the record—between the convening orders in this case and the court-martial as assembled. In light of the parties' briefs on the specified issues and the affidavit submitted by the government, we conclude there is no jurisdictional defect. We also conclude that no administrative error occurred with the selection or assembly of the court-martial that warrants any remedial action on our part. *See generally United States v. Adams*, 66 M.J. 255, 258-59 (C.A.A.F. 2008) (distinguishing between jurisdictional errors and administrative errors in the convening of a court-martial). We do, however, encourage practitioners to prepare convening orders that are clear.

We note another error not raised by the parties, which merits brief discussion and relief. Appellant was convicted of, *inter alia*, Specification 1 of Charge I:

> In that [appellant], did, at or near Schofield Barracks, Hawaii, on or about 19 February 2013, without authority, fail to go at the time prescribed to his appointed place of duty, to wit: the 0930 troop safety stand down formation located at Building 155, Schofield Barracks, Hawaii.

The evidence at trial indicated that at the time and on the date alleged, appellant was required to attend a formation at Building 158, not Building 155. We hold the evidence is legally insufficient to support a finding of guilty of failure to repair to a formation located at Building 155. *See United States v. Norman*, 74 M.J. 144, 151 (C.A.A.F. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## CONCLUSION

The finding of guilty of Specification 1 of Charge I is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are confident the panel would have adjudged the same sentence absent the dismissed specification. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

GREENE—ARMY 20130568

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court