# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**AG, by and through Captain THOMAS R. NEUMANN,**
**Special Victim Counsel, Petitioner**
**v.**
**Colonel MICHAEL J. HARGIS, U.S. Army, Military Judge,**
**Respondent**

ARMY MISC 20170417

For Petitioner: Captain Thomas R. Neumann, JA (on brief).

16 August 2017

-----------------------------------------------------------------------
OPINION OF THE COURT AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF IN THE
NATURE OF A WRIT OF MANDAMUS
-----------------------------------------------------------------------

FLEMING, Judge:

In this case, we hold petitioner, an alleged sexual assault victim, fails to establish that a referred court-martial, or even preferred charges, existed at the time of the military judge's decision to take no action on a special victim counsel's [hereinafter SVC] discovery and production request.[1] We further hold the military judge did not err by advising the military magistrate to deny the SVC's discovery request or by not acting on the SVC request, which created a de facto ruling denying the SVC's discovery and production request. We, therefore, dismiss the petition for lack of jurisdiction.

## BACKGROUND

AG reported to Criminal Investigation Command [hereinafter CID] at Fort Irwin that she was sexually assaulted by another service member. During CID's investigation, a military magistrate signed a search authorization for AG's cell phone, which is the subject of AG's petition to this court for extraordinary relief in the nature of a writ of mandamus.

---

[1] While petitioner's brief does not discuss or meet the burden to establish the status of AG's case at the time of the military judge's decision, the petitioner appears to concede that a court-martial was not "convened." This court interprets that language to mean, at a minimum, that a referred court-martial was not in existence.

After the military magistrate signed a search and seizure authorization to seize AG's cellphone, a CID agent went to AG's workplace to execute the search and seizure authorization. AG did not immediately provide her cellphone to the CID agent upon request, but instead attempted to depart a small office with the cellphone. AG asserts she was injured and her cellphone damaged when the CID agent blocked her egress from the small office in an attempt to control the whereabouts of the cellphone. AG asserts her SVC requested, but was not provided with, the search and seizure authorization prior to her unwilling surrender of the cellphone because of alleged CID threats to arrest her for obstruction of justice and to seek an order from her commander directing her immediate relinquishment of the cellphone.

AG's SVC received a copy of the search and seizure authorization after the seizure of AG's phone. The SVC then made a discovery request to the military magistrate requesting the affidavit and any other documents used by the military magistrate in issuing the search and seizure authorization.

After consulting with his supervising military judge, the military magistrate denied the SVC's discovery request. The SVC then requested the military judge issue a ruling reversing the military magistrate's discovery decision and to compel production of the requested documents. The military judge did not issue a discovery or production ruling. Instead, the military judge emailed the Staff Judge Advocate (SJA) for Fort Irwin stating that he was not taking any action on the SVC's request and asking the SJA to notify the SVC of his decision.

## LAW AND DISCUSSION

As an initial matter, we must determine whether we have jurisdiction to address this petition. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding jurisdiction must be established as a threshold matter). While petitioner focuses on alleged violations of AG's constitutional and statutory rights in the issuance and execution of the search and seizure authorization,[2] the issue is whether AG is entitled to discovery and the production of documents when no court-martial exists. *See United States v. Adams*, 66 M.J. 255, 258 (C.A.A.F. 2008); (holding jurisdiction for a court-martial is established when charges are properly referred and composed of qualified members chosen by a proper convening authority); *see also United States v. Harmon*, 63 M.J. 98 (C.A.A.F. 2006).

---

[2] The SVC asserts that the search and seizure authorization was facially invalid; that the military magistrate and/or CID agents violated AG's constitutional and statutory rights in the issuance and/or the execution of the search and seizure authorization; and that the military magistrate and/or the supervisory military judge violated AG's constitutional and statutory rights by failing to produce the requested documents to the SVC.

This court is a court of limited jurisdiction, established by The Judge Advocate General.  Uniform Code of Military Justice art. 66(a), 10 U.S.C. § 66a (2012) [hereinafter UCMJ] ("Each Judge Advocate General shall establish a Court of Criminal Appeals. . . .").  The mandate to establish this court was made pursuant to the authority of Congress to pass laws regulating the Armed Forces.  *See* U.S. Const. art. I § 8, cl. 14. While this court has jurisdiction to issue writs under the All Writs Act, 28 U.S.C. § 1651, we exercise this authority "in strict compliance with [the] authorizing statutes."  *Ctr. For Constitutional Rights (CCR) v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013).  Our jurisdiction to issue the requested writ is limited to our subject-matter jurisdiction over the case or controversy.  *See United States v. Denedo*, 556 U.S. 904, 911 (2009); UCMJ art. 66. "To establish subject-matter jurisdiction, the harm alleged must have had 'the potential to directly affect the findings and sentence.'"  *LRM v. Kastenberg*, 72 M.J. 364, 368 (C.A.A.F. 2013) (quoting *CCR*, 72 M.J. at 129).  In general, while the jurisdiction of this court over the findings and sentence of a case referred to it is broad,[3] the authority of this court to review pre-referral matters is limited and lacks a firm statutory basis.  *See* UCMJ art. 66(c).

The relief petitioner apparently seeks is for this court to order discovery and compel the production of documents to an alleged victim where there is not yet—and may never be—a court-martial.  This is an overly broad view of this court's jurisdiction.

In *ABC, Inc. v. Powell*, 47 M.J. 363 (C.A.A.F. 1997), the Court of Appeals for the Armed Forces (CAAF) granted a writ when a special court-martial convening authority directed the *entire* Article 32, UCMJ, hearing be closed.  Our superior court granted the writ, ordered that the hearing be open to the public, and directed that the hearing may be ordered closed only as necessary on a case-by-case basis. *Id.* at 365-66. However, since that time, the CAAF has questioned the continued validity of *Powell*.  In denying a writ seeking media access to court-martial filings, the CAAF in *CCR* rejected *Powell* as controlling precedent, noting that "(1) *Powell* was decided before [*Clinton v.*] *Goldsmith* [526 U.S. 529 (1999)] clarified our understanding of the limits of our authority under the All Writs Act, and (2) we assumed jurisdiction in that case without considering the question."  *CCR*, 72 M.J. at 129.

In *Goldsmith*, the United States Supreme Court clearly stated a Court of Criminal Appeals' jurisdiction extends to reviewing the findings and sentence of courts-martial.  526 U.S. at 535.  Under the All Writs Act, this court can consider issues "in aid" of that jurisdiction.  Thus, for example, the CAAF had jurisdiction to order the removal of a "biased" military judge as it "had the potential to directly

---

[3] *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991) ("A clearer *carte blanche* to do justice would be difficult to express")

affect the findings and sentence" and was therefore in aid of the court's jurisdiction. *CCR*, 72 M.J. at 129 (citing *Hasan v. Gross*, 71 M.J. 416 (C.A.A.F. 2012)).

Here, petitioner fails to establish that a de facto ruling denying discovery or compelling production of documents to an alleged victim at the pre-referral stage has the potential to affect the findings and sentence. The military judge lacked jurisdiction; so does this court. Viewing *Powell* in light of *Goldsmith*, we reject petitioner's invitation to extend the jurisdiction of this court under the All Writs Act to the pre-referral matter raised in this writ.[4]

Even if this court were to have jurisdiction over such a case, petitioner has established no right to relief. To prevail on a writ of mandamus, petitioner must show that: 1) there is no other adequate means to attain relief; 2) the right to issuance of the writ is clear and indisputable; and 3) the issuance of the writ is appropriate under the circumstances. *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). Petitioner fails on all three prongs.

Petitioner asserts two grounds upon which she is entitled to discovery and the production of documents. The first is 18 U.S.C. § 3771(d)(8), which establishes a crime victim's "right to be treated with fairness and with respect for the victim's dignity and privacy." (*See also* 10 U.S.C. § 806b(a)(8)) (establishing the rights of victims under Article 6b, UCMJ). However, a right to be treated with fairness, dignity, and privacy does not give a victim a right to receipt of discovery and documents without an analysis of the case status and pending legal issue.

Petitioner's second basis is the Standard Operating Procedure [hereinafter SOP] for Military Magistrates, Section IV, dated 10 September 2013, gives her a right to discovery and production. Specifically, the SOP provides "[a]t the request of counsel . . . military magistrates will provide a copy of the affidavit, authorization, notes and any other documents prepared as part of the military magistrate's duties at issue." *See* SOP, Section IV, 1.b. Assuming "counsel" is meant to include SVCs and a mere SOP establishes an alleged victim's right to the receipt of military magistrate's documents, an alleged victim's discovery and production request is not ripe for decision by a military judge in a non-referred case. Even an accused has no right to discovery and production of an affidavit or other documents used by a military magistrate in issuing a search and seizure authorization until the referral stage pursuant to Rules for Courts-Martial 701 and 703. Here, the petition is easily distinguished from the facts in *Kastenberg*, where a

---

[4] Although petitioner did not request a writ of mandamus under 10 U.S.C. § 806b(e)(1), this court also finds jurisdiction does not exist at this juncture under this authority.

properly convened court-martial existed and Military Rules of Evidence 412 and 513 expressly gave the victim "the right to be heard." *Kastenberg*, 72 M.J. at 370.

Accordingly, we find petitioner's writ fails to establish that jurisdiction exists for a trial judge or this court to order pre-referral discovery or document production. Further, even if charges had been properly referred to a court-martial, petitioner fails to establish an alleged victim's per se right to discovery or the production of documents related to a military magistrate's search authorization.

## CONCLUSION

The petition is DISMISSED for lack of jurisdiction.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court