UNITED STATES, Appellee,

v

NYLE REED GREENWELL, Airman Apprentice,
U. S. Navy, Appellant

12 USCMA 560, 31 CMR 146

Lieutenant Colonel R. G. Coyne, USMC, and Captain John P. Gibbons, USN, were on the brief for Appellant, Accused.

Lieutenant Colonel L. W. Martin, USMC, and Lieutenant (jg) Conrad Alexander Buhler, USNR, were on the brief for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused was arraigned upon, and pleaded guilty to, charges of larceny and wrongful appropriation, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. Following announcement of findings of guilty, the accused testified in mitigation and extenuation. The defense counsel argued that his conduct in connection with the charges against him required a "complete psychiatric evaluation." Based upon accused's testimony and counsel's statement, the court determined that his plea of guilty was improvident, and a recess was ordered.

Six days later the court reconvened. In accounting for the parties to the trial, the trial counsel announced that "Lieutenant Kenneth L. Sterling member of the board is now absent." No indication of the reason for Lieutenant Sterling's absence appears in the record. The prosecution proceeded to introduce evidence tending to establish accused's guilt of the offenses charged and his mental responsibility. The defense did not offer any evidence.

Following delivery of instructions by the president, the court-martial deliberated and returned findings of guilty. Accused was sentenced to bad-conduct discharge, confinement at hard labor for a period not to exceed six months, forfeiture of two-thirds pay per month for a like period, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The supervisory authority reduced accused's punishment to a bad-conduct discharge and reduction to airman recruit. The board of review affirmed, and we granted accused's petition on the sole issue whether he was prejudiced by the unexplained absence of a court member after arraignment.

The Government concedes that the reason for Lieutenant Sterling's absence is not shown in the record, but states that, in absence of a contrary showing, a presumption of regularity operates to establish that he was excused from further attendance by the convening authority for good cause. We must reject this contention.

Code, supra, Article 29, 10 USC § 829, provides:

"(a) No member of a general or special court-martial may be absent or excused *after the accused has been arraigned* except for physical disability or as a result of a challenge or by order of the convening authority for good cause." [Emphasis supplied.]

In United States v Grow, 3 USCMA 77, 11 CMR 77, Chief Judge Quinn, writing for a unanimous Court, declared, at page 83:

"Because the substitution of court members after arraignment is such a departure from the principles applicable to jury trials, and presents such a risk of abuse, we will view

with circumspection any relief of a member after arraignment. *Records of trial should set forth in detail the basis of the absence or relief of any member and affirmatively establish that such absence or relief falls within the provisions of the Code."* [Emphasis supplied.]

We recently repeated the quoted injunction with approval. United States v Boysen, 11 USCMA 331, ██ 29 CMR 147. It unqualifiedly places the duty upon the United States to demonstrate in the record the reasons for a member's absence after arraignment and to establish that such "affirmatively . . . falls within the provisions of the Code." United States v Grow, supra. The rule for which the Government contends is applicable only to absences *before* arraignment when there is no objection by the accused. United

States v Allen, 5 USCMA 626, 18 CMR 250.

Here, Lieutenant Sterling's absence after arraignment is completely unexplained on the record. Prejudice is apparent for, as noted by the Chief Judge in United States v Allen, supra, at page 641:

". . . It matters not that the evidence establishes . . . [accused's] guilt. He is entitled to be tried in accordance with the requirements of the Uniform Code. He was deprived of that right. He is, therefore, entitled to a rehearing."

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.