UNITED STATES, Appellee,

v.

Private First Class Toby J. GARCIA,
SSN 529–04–7494, United States
Army, Appellant.

SPCM 17806.

U. S. Army Court of Military Review.

11 March 1983.

Captain Warren G. Foote, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, and Major Patrick F. Crow, JAGC.

Captain David A. Brown, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel John T. Edwards, JAGC, and Captain Glenn D. Gillett, JAGC.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

COHEN, Judge:

Appellant was convicted of assault by intentionally inflicting grievous bodily harm in violation of Article 128, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 928 (1976). He was sentenced by a special court-martial composed of officer and enlisted members to a bad-conduct discharge, six months' confinement, forfeiture of $367.00 pay per month for six months, and reduction to Private E–1. The sentence was approved by the convening authority.

Appellant assigns two errors, the first is without merit. In the second, he contends the military judge erred by refusing to allow the Government to set out on the record support for the convening authority's conclusion that good cause existed for the excusal of one of the court members after assembly. We agree.

After assembly of appellant's court-martial and voir dire of its members, the court reporter got something in his eye and the military judge was required to recess the court. When the court reconvened eleven

days later, trial counsel announced that one of the members, Sergeant First Class Agosto, had been excused by the convening authority to perform duties "of an exigent nature..., crucial to the unit's mission." Trial counsel explained that Sergeant Agosto was the chief of his unit's firing battery, that the unit had been moved to the field to practice live firing as part of the annual tactical evaluation, and that "his presence was needed there to supervise the live firing."

Trial defense counsel objected to Sergeant Agosto's absence on grounds that good cause had not been demonstrated. He questioned whether any live firing would actually be done that day. By way of illustration, trial defense counsel observed that another member of Agosto's unit, the battery first sergeant, who was also required to be at the exercise was in fact present in court. Trial counsel volunteered to present elaboration on the nature of the firing mission and Sergeant Agosto's role in it, but the military judge declined the offer, stating, "I'm not going to override the convening authority on this. He knows the nature of the mission involved and I don't. If he's satisfied that it is necessary for the court member to be there ..., I will accept that." He denied the defense objection.

██ Article 29(a), UCMJ, 10 U.S.C. § 829(a), prohibits the absence or excusal of any member after the court has been assembled except for physical disability, as a result of challenge, or by order of the convening authority for good cause. When a member is excluded by the convening authority after assembly, the record must detail the reasons for excusal. *United States v. Matthews,* 17 U.S.C.M.A. 632, 635–36, 38 C.M.R. 430, 433–34 (1968); *United States v. Grow,* 3 U.S.C.M.A. 77, 83, 11 C.M.R. 77, 83 (1953); paragraphs 37*b* and 41*d,* Manual for Courts-Martial, United States, 1969 (Revised edition) [Manual]. This requirement affords appellate courts an adequate record

to ensure that members have not been relieved or excused in an attempt to affect the court's verdict or sentence, a problem without parallel in the civilian jury system. *United States v. Grow,* 3 U.S.C.M.A. at 82–83, 11 C.M.R. at 82–83. *See* Uniform Code of Military Justice: *Hearings on H.R. 2498 Before a Subcommittee of the Committee on Armed Services, House of Representatives,* 81st Cong., 1st Sess. 1081 (1949).

██ The Manual defines good cause by way of example as "emergency leave or military exigencies, as distinguished from the normal conditions of military life." Paragraph 37*b,* Manual. While trial counsel's offer that Sergeant Agosto had been excused to perform duties of an "exigent nature" certainly tracks the definition of good cause, it is no more than a conclusion which must be explained upon defense objection. Because the convening authority's discretion in this area is subject to judicial review, *United States v. Smith,* 3 M.J. 490 (C.M.A.1975), the military judge's refusal to look behind his determination of exigency was erroneous. The action of the military judge leaves us with only a minimal explanation of the grounds for Sergeant Agosto's excusal.

██ We conclude that the bare assertion that Sergeant Agosto was the chief of a firing battery then participating in a tactical evaluation which would involve live firing does not necessarily describe a military exigency.[1] Exigency imports urgency, necessity or crisis. *United States v. Boysen,* 11 U.S.C.M.A. 331, 336, 29 C.M.R. 147, 152 (1960). *See* Morgan, *The Background of the Uniform Code of Military Justice,* 6 Vanderbilt L.Rev. 169, 174–75 (1953), *cited in United States v. Grow,* 3 U.S.C.M.A. at 83, 11 C.M.R. at 83. Further elaboration of why Sergeant Agosto's presence in the field during the eight hours required to try appellant was "crucial" to the unit's mission may have provided us with an adequate basis for finding the convening authority

---

1. We note that the phrase "military exigencies" has been used in the fourth amendment arena to describe the "overriding demands of discipline and duty." *United States v. Middleton,* 10 M.J. 123 (CMA 1981). Inasmuch as discipline and duty are normal incidents of military life, we must assume its meaning in paragraph 37*b,* Manual, is more restrictive.

did not abuse his discretion in concluding a military exigency existed demanded Sergeant Agosto's excusal. However, the existing record is inadequate to permit judicial review.[2] *Cf. United States v. Smith,* 3 M.J. 912 (A.C.M.R.1977).

The possible violation of Article 29(a), UCMJ, is not susceptible to a meaningful assessment of the prejudice thereby inflicted upon appellant. The Court of Military Appeals has presumed prejudice where a member has been excused by the convening authority upon grounds not demonstrated to amount to military exigency. *United States v. Metcalf,* 16 U.S.C.M.A. 153, 36 C.M.R. 309 (1966); *United States v. Greenwell,* 12 U.S.C.M.A. 560, 31 C.M.R. 146 (1961). We shall do likewise and reverse.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge FULTON and Judge NAUGHTON concur.

2. We also note that the record does not disclose the reasons for the excusal of another member prior to assembly who withdrew from the courtroom after the military judge advised her that if she could not give her full attention to the proceedings she should return to her quarters. While the absence of a member before assembly may be justified by physical disability or order of the convening authority, paragraph 41c, Manual, some indication of the basis of the excusal should appear in the record.