Chief Judge EFFRON delivered the opinion of the Court.
A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of being absent without leave and three specifications of dishonorably failing to maintain sufficient funds for payment of checks, in violation of Articles 86 and 134, Uniform *256 Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 934 (2000). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for 179 days, and reduction to the lowest enlisted grade. The United States Air Force Court of Criminal Appeals affirmed. United States v. Adams, No. ACM 36226, 2007 CCA LEXIS 263, 2007 WL 2050718 (A.F.Ct.Crim.App. June 20, 2007) (unpublished).
On Appellant’s petition, we granted review of the following issue:
WHETHER THE COURT-MARTIAL CONVENED BY SPECIAL ORDER AB-12 HAD PROPER JURISDICTION WHEN THAT ORDER DID NOT TRANSFER MEMBERS APPOINTED BY PRIOR ORDERS AB-01, AB-07, AND AB-09, BUT MEMBERS NAMED IN THOSE ORDERS NONETHELESS SAT AS MEMBERS OF APPELLANT’S COURT-MARTIAL.
For the reasons set forth below, we affirm the decision of the United States Air Force Court of Criminal Appeals.
I. COMPOSITION OF THE COURT-MARTIAL PANEL
1. Initial proceedings
At the outset of his trial, Appellant requested trial before a court-martial composed of officer and enlisted members. See Article 25(c)(1), UCMJ, 10 U.S.C. § 825(c)(1) (2000); Rule for Courts-Martial (R.C.M.) 903(c)(1). Following the disposition of preliminary motions, the trial counsel provided the standard announcement of the composition of the court-martial, noting that the court-martial was convened by Special Order AB-01, as amended by Special Order AB-07 and Special Order AB-09. After accounting for members excused by the convening authority prior to assembly, the trial counsel identified the remaining nine members. The trial counsel administered the oath and the military judge announced that the court-martial was assembled. See R.C.M. 807.
2. The panel after voir dire and challenges
Following completion of voir dire and challenges, the following four members remained on the panel: Major (MAJ) RDH, Senior Master Sergeant (SMSgt) BJC, Master Sergeant (MSgt) MAB, and Tech Sergeant (TSgt) RDG. At that point, the panel composition fell below the minimum of five members required for a general court-martial quorum. See Article 16(1)(A), UCMJ, 10 U.S.C. § 816(1)(A) (2000); R.C.M. 805(b). The military judge called a recess so that new members could be detailed to the court-martial. See R.C.M. 505(c)(2)(B).
3. Proceedings after appointment of new members
The following morning, the military judge reconvened the court-martial for a session out of the presence of the members under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000). He began by providing a detailed description of the procedural setting. First, the military judge summarized the reasons for the changes in the composition of the panel:
Counsel, I just wanted to put on the record just for continuity purposes, so that any reviewing authorities, should that become necessary, would know what’s going on. After we busted quorum yesterday, we did, in fact, put the court in recess. We now have a new appointing order appointing additional members to the panel.
Next, the military judge described the procedure for addressing the voir dire, challenges, and the reading of charges, both with respect to the new members and the members previously selected:
What we’ll do is go ahead and bring in those new members. The members that have already previously been selected, those four members will not be present; it will just be the five new members that have been appointed. We’ll go through the process of reading the general nature of the charges and going through the voir dire process. As I stated to counsel earlier, each side will still, in fact, have a peremptory challenge since this is a new *257 group of members that did not go through the original bedding [sic] process there for the original voir dire.
Finally, the military judge provided the parties with an opportunity to object to the appointing order or the procedure that he had outlined:
MJ: With that in mind, does anyone have an objection to the appointing order or the way that we are going to handle that?
CDC: No, Your Honor.
CTC: No, Your Honor.
The military judge then conducted the preliminary proceedings with the new members, as he had outlined to the parties. When the new members were brought into the courtroom, the military judge summarized the situation for the new members:
The parties are present and some of the members are present.
Members, just to give you an idea of what’s going on, we began this process yesterday, at which time, we did what was called a busted quorum, which means we got some panel members seated, we went under the below core number which is five; therefore, we had to have an appointment of new members which is you. We’re now going through the process to get you seated through the voir dire process.
The military judge next described what would transpire after voir dire:
And once that’s accomplished, we’ll then call the other four members who have already been seated, and we’ll combine you into one court, and then we’ll bring you in and begin presentation of the evidence in this case.
At the request of the military judge, the trial counsel provided the following description of the orders convening the court-martial:
This court-martial is convened by Special Order number AB-01 ... as amended by Special Order number AB-07, ... Special Order number AB-09, ... and Special Order number AB-12____
Trial counsel then identified the following five members as present in the courtroom: Lieutenant Colonel (LTC) RDA, LTC CK, MAJ JWD, 1st Lieutenant (1LT) JLV, 1LT JAD. In accordance with the procedure outlined by the military judge, the .trial counsel noted that the four members remaining from the initial proceedings were “absent.” Referring to his earlier remarks, the military judge observed that “the court has already been assembled and, therefore, this is partially reassembly of it at this time to go through the voir dire process and to give you some new instructions.” The military judge provided the new members with the standard preliminary instructions, and proceeded with voir dire of the new members. At the completion of voir dire and challenges, the military judge excused LTC RDA and 1LT JLV.
4. The panel after the second voir dire and challenges
When the full panel assembled together for the first time, the military judge announced, “For the record, we now have both attempts at panels combined and we now have the seven members that have been accepted by the court.” Four of the seven members came from the original set of orders: MAJ RDH, SMSgt BJC, MSgt MAB, and TSgt RDG. The three remaining members were added during the proceedings after the recess: LTC CK, MAJ JWD, and 1LT JAD.
With seven members, including four enlisted members, the panel met the requirements of Article 16, UCMJ, for a general court-martial to consist of at least five members. The panel also met the requirements of Article 25, UCMJ, for the panel to consist of at least one-third enlisted members upon request of the accused. Subsequently, the trial proceeded to conclusion in the manner outlined by the military judge, with no objection by either party.
5. Consideration by the Court of Criminal Appeals
Appellant raised an issue regarding speedy trial before the Court of Criminal Appeals, but did not challenge the composition of the court-martial. The court specified two issues, including the question now before us concerning the composition of the panel. *258 Adams, 2007 CCA LEXIS 263, at *2, 2007 WL 2050718, at *1.
The Court of Criminal Appeals observed that Special Order AB-12 “seems to be a stand-alone order, convening an entirely new court-martial while failing to transfer the members named in the previous set of orders ...Id. at *22, 2007 WL 2050718, at *9. The court also raised the issue of whether Appellant’s court-martial had proper jurisdiction when the members appointed by the prior orders sat on Appellant’s court-martial. Id. at *2, 2007 WL 2050718, at *1. The court noted that these members would be “interlopers” if they were not meant to be seated as members of the panel, creating a fatal jurisdictional defect. Id. at *23 n. 5, 2007 WL 2050718, at *9 n. 5. Likewise, failing to transfer the members named in the previous set of orders to Special Order AB-12 would have denied Appellant his right to be tried by a panel composed of at least one-third enlisted members. Id. at *23, 2007 WL 2050718, at *9.
The Court of Criminal Appeals first considered the language of Special Order AB-12, which stated: “[a] general court-martial is hereby convened. It may proceed at Ells-worth AFB, SD to try such persons as may be properly brought before it. The court will be constituted as follows____” Id. at *9, 2007 WL 2070718, at *4. Special Order AB-12 then listed the names of five newly detailed members. The order also stated:
All eases referred to the general court-martial convened by Special Order AB-1, this headquarters, dated 8 October 2004, as amended by Special Order AB-7, this headquarters, dated 24 November 2004, and Special Order AB-9, this headquarters, dated 8 December 2004, in which the court has been assembled, will be brought to trial before the court hereby convened.
The Court of Criminal Appeals next considered the record of trial and the intent of the convening authority, as reflected by the parties’ actions at trial. Id. at *23-*26, 2007 WL 2050718, at *9. The court concluded that Special Order AB-12 was not issued to constitute an entirely new and distinct court-martial. Id. at *24, 2007 WL 2050718, at *9. Instead, the court determined that Special Order AB-12 was a third amending order, intended to bring the court-martial up to quorum, while preserving Appellant’s right to trial by a panel of at least one-third enlisted members. Id. at *24, 2007 WL 2050718, at *9. The court observed that the convening authority issued Special Order AB-12 after quorum was broken. The lower court found that, “there is no doubt that everyone, including the defense, knew the five members named in Special Order AB-12 were additional members selected to bring the court back up to quorum and were not meant to constitute an entirely new and distinct court.” Id. at *24, 2007 WL 2050718, at *9. Finally, the court noted, “[cjlearly, there would be no reason for the convening authority to suddenly start over with a new court after so much effort had already gone into reaching the point of adding a third set of members to this panel.” Id. at *25, 2007 WL 2050718, at *9.
The Court of Criminal Appeals concluded that the errors in the drafting of Special Order AB-12 were not prejudicial to Appellant. Id. at *26-*27, 2007 WL 2050718, at *10. The court affirmed the findings and sentence. Id. at *27, 2007 WL 2050718, at *11.
II. DISCUSSION
This Court’s case law distinguishes between jurisdictional and administrative errors in the convening of a court-martial. Jurisdictional error occurs when a court-martial is not constituted in accordance with the UCMJ. See United States v. Colon, 6 M.J. 73, 74 (C.M.A.1978). Jurisdiction depends upon a properly convened court, composed of qualified members chosen by a proper convening authority, and with charges properly referred. Article 25, UCMJ; R.C.M. 201(b); R.C.M. 503; R.C.M. 504; R.C.M. 505. A court-martial composed of members who are barred from participating by operation of law, or who were never detailed by the convening authority, is improperly constituted and the findings must be set aside as invalid. See McClaughry v. Deming, 186 U.S. 49, 63-65, 22 S.Ct. 786, 46 L.Ed. 1049 (1902) (court- *259 martial composed entirely of Regular Army officers in trial of a volunteer officer violated the Articles of War and was illegal); United States v. Harnish, 12 C.M.A. 443, 31 C.M.R. 29 (1961) (individual who served on a court-martial without appointment by the convening authority rendered the proceedings invalid).
Administrative errors in the drafting of a convening order are not necessarily fatal to jurisdiction, and may be tested for prejudice under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000). See Colon, 6 M.J. at 74-75 (court-martial conducted without the presence of four detailed members who had not been properly relieved was not jurisdictional error, but was prejudicial). In United States v. Glover, 15 M.J. 419, 422 (C.M.A.1983), this Court found no prejudice to the accused where all parties believed the accused was at trial before a general court-martial, but the convening order convened a special court-martial. We have recognized that clerical mistakes are not necessarily prejudicial. See id. at 421; United States v. Gebhart, 34 M.J. 189, 192-93 (C.M.A.1992).
In the present case, we find no jurisdictional defect in the composition of Appellant’s court-martial. None of the seven members who participated in the court-martial was an “interloper.” Each member was selected by the convening authority to consider these charges against this accused. There is no evidence that the convening authority excused any of the members who sat on Appellant’s court-martial. See R.C.M. 505(c)(2)(A). There is also no evidence that the convening authority withdrew the charges in order to refer them to a new court-martial, as provided for in R.C.M. 604. More important, the record reflects that the five members named in Special Order AB-12 were selected to bring the court-martial up to quorum and were not selected to serve as a separately constituted court-martial. This purpose is underscored by the language of Special Order AB-12, which provided that “[a]ll eases referred to the general court-martial convened by Special Order AB-1 ... as amended by Special Order AB-7 ... and Special Order AB-9 ... in which the court has been assembled, will be brought to trial before the court hereby convened.” In that regard, we note that the convening authority appointed only officer members in Special Order AB-12 following proceedings in which the accused had elected trial before a panel that included enlisted members. Under these circumstances, the order served to bring the panel up to quorum. In short, the record of trial demonstrates that the errors in drafting Special Order AB-12 were administrative in nature, and that the errors did not materially prejudice the substantial right of the Appellant. See Article 59(a), UCMJ.
III. DECISION
The decision of the United States Air Force Court of Criminal Appeals is affirmed.